UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARNELL COOPER,<br><br>    Plaintiff,<br><br>    v.<br><br>SALEH OBAISI, JONATHAN KELLY, ARTHUR FUNK and WEXFORD HEALTH SOURCES, INC.,<br><br>    Defendants. | 13 CV 08632<br><br>Hon. Edmond E. Chang |

## DEFENDANTS, DR. ARTHUR FUNK AND WEXFORD HEALTH SOURCES, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, ARTHUR FUNK, M.D. and WEXFORD HEALTH SOURCES, INC., by their undersigned counsel, respectfully requests this Honorable Court to dismiss Plaintiff's Second Amended Complaint with prejudice pursuant to Federal Rule 12(b)(6). In support, Defendants state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, an inmate incarcerated at Stateville Correctional Center, has filed suit against Dr. Obaisi, Dr. Kelly, Dr. Funk and Wexford Health Sources, Inc. ("Wexford") relating to alleged denial of medical treatment. (See plaintiff's Second Amended Complaint, attached hereto as Exhibit A) Specifically, plaintiff alleges that Dr. Obaisi and Dr. Kelly regularly saw, examined and treated him for various illnesses and medical conditions but never addressed his complaints of symptoms stemming from alleged diagnosis of hyperthyroidism.

As to Dr. Funk, plaintiff alleges that as Reginal Medical Director for Wexford, Dr. Funk has supervisory role over Dr. Kelly, Dr. Obaisi and other Wexford personnel. In this capacity,

he complained to Dr. Funk on August 9, 2013 about the mistreatment of hyperthyroidism and denial of prescribed diet by Dr. Obaisi. Wexford is only mentioned insofar as it holds a contract with IDOC, including Stateville, and is the employer of the individually named defendants. Plaintiff concludes, generally, that all the defendants exhibited deliberate indifference to him.

## APPLICABLE LEGAL STANDARD

"A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. *Id*. Courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Id*. A complaint fails to state a claim on which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ANALYSIS

**A.  Plaintiff has failed to state a cause of action with respect to his purported claim against Dr. Funk.**

Dr. Funk's status as the Regional Medical Director for Wexford does not make him liable for the alleged Constitutional violations of others because there is no supervisory liability under Section 1983. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "…an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under § 1983. *See, e.g.*, *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Plaintiff does not allege that he was seen by Dr. Funk, that Dr. Funk evaluated him and appreciated a serious medical need and that Dr. Funk declined to treat it. He does not allege that Dr. Funk was personally involved in the alleged refusal of treatment pertaining to hyperthyroidism. Plaintiff's only allegations concerning Dr. Funk are in regards to a letter he mailed to Dr. Funk, in his capacity as Regional Medical Director, regarding plaintiff's complaints about the medical care he received at Stateville. Dr. Funk reviewed the care plaintiff received by the other Wexford defendants and deemed it clinically appropriate. (See Dr. Funk's letter of November 5, 2013, attached hereto as Exhibit B) Dr. Funk was not personally involved in any care plaintiff was receiving at Stateville.

Furthermore, the suggestion that Dr. Funk has "supervisory authority over Obaisi, Kelly and Wexford's provision of healthcare services at Stateville" is unavailing because, as mentioned, there is no supervisory liability under Section 1983. *See, e.g., Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-92, 98 S.Ct. 2018 (1992); *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Based on the foregoing, plaintiff has not properly pled a cause of action against Dr. Funk.

**B.     Plaintiff has failed to state a cause of action with respect to his purported claim against Wexford.**

Plaintiff has likewise failed to state a cognizable claim against Wexford. This is because a "private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002) (quoting *Iskander v. Vill. Of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Because there is no vicarious liability for corporations under 42 U.S. §1983, to establish liability an inmate must show that the corporation supports a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners. *Woodward v. Corr. Med. Servs. of*

*Ill., Inc.,* 368 F.3d 917 (7th Cir. 2004).

Plaintiff's only allegations as it pertains to Wexford is that it provides health care professionals and services to IDOC, including Stateville and that it is responsible for ensuring that inmates receive adequate medical care and treatment. Plaintiff has not pled **any** facts to show that there is an official policy, practice or custom of Wexford that led to any constitutional deprivation of plaintiff to succeed a *Monell* claim. In fact, the only mention of medical policies and procedures at Stateville is to attempt to show that the actions of the individual defendants were contrary to the "accepted and customary medical practices and of the inmate medical policies and procedures at Stateville." In other words, if anything, plaintiff is not attacking the policies themselves, but the inability of the individual defendants to follow the accepted policies. For the reasons discussed above, that is not sufficient to impute liability on Wexford.

## CONCLUSION

Plaintiff's generalized allegations that the defendants exhibited deliberate indifference to him do not meet the pleading standards annunciated in *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) and fail to state a cause of action against Dr. Funk and Wexford under Section 1983. Based on the foregoing, any and all claims against Dr. Arthur Funk and Wexford Health Sources, Inc. must be dismissed with prejudice.

WHEREFORE, Defendants, ARTHUR FUNK, M.D. and WEXFORD HEALTH SOURCES, INC., respectfully requests dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,


/s/ Melissa Y. Gandhi_____
Melissa Y. Gandhi (ARDC No. 6305979)

CUNNINGHAM, MEYER & VEDRINE, P.C.
1 East Wacker Drive, Suite 2200
Chicago, Illinois 60601
Tel: (312) 578-0049
Fax: (312) 578-0247
E-Mail: mgandhi@cmvlaw.com